UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAI LU,

          Plaintiff,

    v.

MIDPEN HOUSING CORPORATION,

          Defendant.

Case No. 26-cv-00875-PCP

**ORDER TO REFILE APPLICATION TO PROCEED *IN FORMA PAUPERIS*; SCREENING COMPLAINT AND GRANTING LEAVE TO AMEND**

Re: Dkt. Nos. 1, 2

Self-represented plaintiff Kai Lu filed a complaint alleging an unlawful eviction. Dkt. 1. Plaintiff also filed an application to proceed *in forma pauperis* (IFP)—i.e., without paying the otherwise mandatory filing fee. Dkt. 2. The Court orders plaintiff to refile a complete IFP application. As required by 28 U.S.C § 1915(e)(2), the Court also screens plaintiff's complaint and finds that it fails to establish subject matter jurisdiction. The complaint is therefore dismissed with leave to amend. Plaintiff must file an amended IFP application and an amended complaint by March 19, 2026, or risk dismissal of this case.

## LEGAL STANDARD

28 U.S.C. § 1915 permits a court to authorize a plaintiff to proceed *in forma pauperis* if the plaintiff shows that they cannot afford the fees necessary to pursue an action. *See* 28 U.S.C. § 1915(a)(1). The Court must screen every civil action brought *in forma pauperis* under § 1915 and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000).

United States District Court
Northern District of California

**ANALYSIS**

**I.    IFP Application**

Plaintiff's IFP application is incomplete. In response to question two, plaintiff does not provide the amount of money received from the sources identified. Plaintiff also does not provide all monthly expenses in response to question eight and does not respond to question nine. Without a complete IFP application, the Court is unable to determine whether plaintiff is able to pay the filing fee. Plaintiff is therefore ordered to file an amended IFP application that provides complete responses to each question.

**II.    Screening the Complaint**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, federal courts must ensure they have subject matter jurisdiction over every case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).

A federal court plaintiff must adequately allege that the court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377. To do so, a complaint must meet the requirements for either (1) federal question jurisdiction or (2) diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction requires plaintiffs to specify a federal law that the defendant violated. 28 U.S.C. § 1331. Diversity jurisdiction requires that parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Plaintiff's complaint alleges that the Court has jurisdiction in this matter based on federal question jurisdiction. Dkt. 1, at 3. Specifically, plaintiff alleges that the defendant "violated the Federal Regulations and Policies of the U.S. Department of Housing and Urban Development," including 4350.3 Rev-1, Ch 3-23. *Id.* To state a claim on a violation of a HUD regulation, however, a plaintiff must have a private right of action to file a lawsuit to enforce the regulation. *Visintini v. Hayward*, No. 08-cv-5393 EMC, 2009 WL 2413356, at *4 (N.D. Cal. Aug. 5, 2009) (citing *Save Our Valley v. Sound Transit*, 335 F.3d 932, 939 (9th Cir.2003) ("[F]ederal rights are created by Congress through statutes, not by agencies through regulations.")). Where there is no private right of action to remedy a violation of a federal regulation, a court lacks federal question jurisdiction. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 814 (1986) ("[T]he

United States District Court
Northern District of California

congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.").

"The Ninth Circuit has not specifically addressed whether there is a private right of action to enforce HUD regulations. However, several circuits that have addressed this issue have found that there is no private right of action to enforce HUD regulations." 946 F. Supp. 2d 1101, 1111 (D. Nev. 2013). District courts in the Ninth Circuit have reached the same conclusion. *See, e.g.*, *Umouyo v. Bank of Am., N.A.*, No. 16-cv-01576-RAJ, 2019 WL 1568423, at *6 (W.D. Wash. Apr. 11, 2019) ("Numerous courts, including this Court, have held that no private cause of action [exists] for violations of HUD regulations."); *Milano v. Richmond Hous. Auth. of Contra Costa Cnty.*, No. 16-cv-03246-JSW, 2018 WL 11472386, at *2 (N.D. Cal. Apr. 25, 2018) ("To the extent Plaintiff seeks to state a claim directly under the Section 8 regulations, her claim fails because there is no private right of action under the regulations themselves."); *Hamilton v. U.S. Bank Nat'l Ass'n*, No. 22-cv-1259-GW-KKX, 2023 WL 3559329, at *4 (C.D. Cal. Mar. 15, 2023) ("[T]here is no private cause of action for HUD violations. … Thus, Defendants' alleged failure to comply with HUD regulations cannot provide a basis for Plaintiff's causes of action."). This Court is likewise unaware of any authority creating a private right of action in the HUD regulations.

As a result, plaintiff's complaint does not allege any violation of federal law with a private right of action that can establish federal question jurisdiction. *See Brooks-Hamilton v. City of Oakland*, No. 01-cv-04569 WHA, 2002 WL 1346714, at *1–3 (N.D. Cal. May 29, 2002). As this is the only alleged basis for subject matter jurisdiction, plaintiff's complaint fails to adequately allege that the Court has subject matter jurisdiction to hear this case. The Court dismisses plaintiff's complaint with leave to file an amended complaint.

## FEDERAL PRO SE PROGRAM

The San Jose Courthouse's Federal Pro Se Program provides free information and limited scope legal advice to self-represented civil litigants. This service is free. The Federal Pro Se Program is available by phone appointment at (408) 297-1480. The Court's webpage includes

3

additional online resources: http://www.cand.uscourts.gov/pro-se-litigants/.

## CONCLUSION

Plaintiff is ordered to refile a complete IFP application. Plaintiff's complaint is also dismissed for lack of subject matter jurisdiction.

**Plaintiff must file an amended IFP application and an amended complaint by March 19, 2026. Failure to do so will result in the dismissal of plaintiff's claims with prejudice.**

**IT IS SO ORDERED.**

Dated: February 5, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

4