United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAI LU,

Plaintiff,

v.

MIDPEN HOUSING CORPORATION,

Defendant.

Case No. 26-cv-00875-PCP

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Re: Dkt. No. 28

Pro se plaintiff Kai Lu brings this action against MidPen Housing Corporation seeking damages and injunctive relief for housing discrimination. The Court previously determined that the claims in Lu's first amended complaint were untimely and granted MidPen's motion to dismiss. *See* Dkt. No. 25. MidPen now moves to dismiss Lu's second amended complaint under Rule 12(b)(6), again arguing Lu's claims are untimely. For the reasons that follow, the Court grants MidPen's motion.

**LEGAL STANDARD**

The Federal Rules require a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint does not do so, the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Materials outside the complaint can be considered on a Rule 12(b)(6) motion if they are incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A [district] court may [ ] consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). The Court may consider documents which are "not physically attached to the complaint" "if the [ ] 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)).

## ANALYSIS[1]

Lu alleges retaliation and failure to accommodate under the Fair Housing Act ("FHA"), and retaliation under Section 504 of the Rehabilitation Act. These laws have statutes of limitations of two and three years, respectively. 42 U.S.C. § 3613(a)(1)(A); *see Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 (9th Cir. 2001) (applying the limitations period applicable to Cal. Gov. Code § 11135 to similar claims). The allegations in Ms. Lu's complaint involve conduct that occurred between March 2022 and July 2022. Yet Lu filed the instant action on January 28, 2026. Therefore, unless Ms. Lu's allegations demonstrate that a possible exception to

[1] The Court grants MidPen's motion for judicial notice of related state court records. Notice is limited to the existence and contents of those records.

the statutes of limitations could apply, all of Lu's causes of action are time-barred.

Lu raises three possible grounds for tolling. First, Lu argues that she is entitled to tolling during the period she had an administrative complaint pending with the Housing and Urban Development agency ("HUD"). Lu attached to her second amended complaint a screenshot of a file purportedly showing that Lu filed a HUD administrative complaint on June 1, 2023. But Lu does not allege when HUD resolved the administrative complaint. As the Court previously explained, without that information "the Court cannot determine whether [Lu's claims] expired before the instant action was filed." Dkt. No. 25, at 3. Thus, Lu has not shown that her claims are plausibly timely based on tolling during HUD administrative proceedings.

Second, Lu contends that her FHA claims allege a continuing violation that was ongoing to some unspecified date so as to render her claims timely. But the allegations in the complaint provide no support for such an assertion. The Court previously determined, based on Lu's allegations, that the statute of limitations began to run in July 2022. Dkt. No. 25, at 3. Lu's second amended complaint contains no new factual allegations that bear on the Court's previous determination.

Third, Lu maintains that she is entitled to equitable tolling. But again, as with her first amended complaint, the second amended complaint "fails to allege facts that would allow the Court to make such a finding." Dkt. No. 25, at 3. Lu states that she "diligently pursued relief," Dkt. No. 27, at 4, but points only to her filing of the HUD complaint and appealing a state court unlawful detainer judgment, neither of which plausibly entitles her to equitable tolling. As noted, Lu does not state when the HUD complaint was resolved. And because the unlawful detainer action involved issues distinct from her FHA and Rehab Act claims, appealing it did not toll her instant claims. *See* Dkt. No. 25, at 3.

**CONCLUSION**

For these reasons, the untimeliness of Lu's FHA and Rehab Act claims is apparent on the face of the second amended complaint. The Court grants MidPen's motion to dismiss. Dismissal is without prejudice and with leave to amend. Any amended complaint must be filed within 35 days of the date of this Order. Lu should file an amended complaint only if such complaint cures the

timeliness problems outlined in this order. If Lu files a third amended complaint that fails to cure the timeliness problems, or if she does not file an amended complaint, the Court will dismiss her claims with prejudice.

**IT IS SO ORDERED.**

Dated: October 19, 2026

P. Casey Pitts
United States District Judge